IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| A.S., by next friend, Brenda Hill, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-074 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Brenda Hill ("Plaintiff"), proceeding on behalf of her granddaughter, A.S., ("Claimant") appeals the decision of the Acting Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

## I. BACKGROUND

Plaintiff protectively applied for SSI on behalf of Claimant on February 12, 2010, alleging a disability onset date of June 4, 2009. Tr. ("R."), pp. 145-48. The Social Security Administration denied Plaintiff's application initially and on reconsideration, R. 100-105, 112-15. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. 116-17,

and the ALJ held a hearing on June 12, 2012. R. 41-77. At the hearing, the ALJ heard testimony from Plaintiff, and Claimant's counsel. Id. On July 13, 2012, the ALJ issued an unfavorable decision. R. 14-25.

Applying the three-step sequential process required by 20 C.F.R. § 416.924(a), the ALJ found:

1. The claimant has not engaged in substantial gainful activity since February 1, 2010, the application date (20 C.F.R. §§ 416.924(b) and 416.971 *et seq.*).

2. The claimant has the following severe impairment: attention-deficit hyperactivity disorder ("ADHD"), asthma, borderline intellectual functioning, and schizophrenia (20 C.F.R. § 416.924(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, and 416.926). The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 C.F.R. §§ 416.924(d) and 416.926(a)). Thus, the claimant has not been disabled, as defined by the Social Security Act, from February 1, 2010, through July 13, 2012, the date of the ALJ's decision (20 C.F.R. § 416.924(a)).[1]

R. 17-25.

When the Appeals Council denied Plaintiff's request for review on February 26, 2014, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to (1) find that Claimant functionally equaled the Listings by having a marked limitation in four domains of functioning under 20 C.F.R. § 416.926(b)(1), and

---

[1]While Claimant's alleged onset date was June 4, 2009, SSI benefits cannot be paid until the month after an application is filed and all other requirements for eligibility are met. 20 C.F.R. § 416.335. As Plaintiff filed the application on behalf of Claimant on February 1, 2010, the relevant time period under consideration began, at the earliest, in February 2010. See Manzo v. Comm'r of Soc. Sec., 408 F. App'x 265, 267 n.2 (11th Cir. 2011).

(2) discuss the opinions of treating psychologist Dr. Robert Shervette. (See generally doc. no. 9 ("Pl's Br.").) The Commissioner never addresses Plaintiff's second enumeration of error, but maintains that the decision to deny Plaintiff's application is supported by substantial evidence and should therefore be affirmed. (See doc. no. 10 ("Comm'r's Br.").)

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 401 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on

3

one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff argues the ALJ never addressed the opinions of treating psychologist Dr. Shervette. (Pl's Br., pp. 14-15.) In assessing the medical evidence of record, the ALJ gave the opinions of the state agency medical and mental consultants significant weight because they were (1) "rendered by expert medical personnel," (2) consistent with the July 2011 consultative examination of Dr. John C. Whitley, III, and (3) consistent with claimant's educational records. R. 20. However, the ALJ never discussed the opinions or treatment records of treating psychologist Dr. Shervette, who saw Plaintiff sixteen times between March 2010 and May 2012 at Ogeechee Behavioral Health. R. 737-781.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is

4

reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (ruling that the ALJ must accord substantial or considerable weight to the opinion of a treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (same).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding her daily activities). Furthermore, under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p; see also 20 C.F.R. § 416.927(d).

Here, the ALJ never referenced Dr. Shervette's medical opinions, let alone give them substantial weight, and it he had, a finding that Claimant functionally equaled the Listings could have been made. Indeed, a review of Dr. Shervette's opinions shows a direct conflict with Dr. Whitley's July 2011 consultative examination, which the ALJ implicitly gave great weight. For example, Dr. Whitley noted Claimant reported no homicidal thoughts, however Dr. Shervette noted on March 27, 2012 that Claimant "reported hearing voices prior telling her to harm her mother," and on May 24, 2012 that Claimant had homicidal thoughts within the last thirty days. R. 740, 749. The ALJ also found that Claimant has a less than marked limitation in acquiring and

5

using information, but Dr. Shervette commented as recently as March 27, 2012 that Claimant "will probably continue to not do well academically in any of her classes." R. 748.

In sum, the ALJ's failure to discuss Dr. Shervette's opinions demonstrates that he did not give them substantial weight or show good cause to reject them. As such, the Court cannot say that the ALJ's opinion was supported by substantial evidence, and remand is warranted. See Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178-79 (11th Cir. 2011) (remanding where ALJ did not mention, discuss pertinent elements of, or clearly articulate reasons for rejecting treating physician's opinion). The Court need not reach Plaintiff's remaining contentions. Of course, on remand, Plaintiff's claims must be evaluated in accordance with the three-step sequential evaluating process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 30th day of March, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA